IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROBERT HOLLEY,

           Plaintiff,

v.    CIVIL ACTION NO. 2:23-cv-00652

WEST VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Order* (Document 48) issued by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, the *Defendant WVDCR's Objections to Order Denying WVDCR's Motion for Protective Order* (Document 50), and the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion for Stay of Magistrate Judge's Order Pending Disposition of Defendant WVDCR's Objections* (Document 53). In addition, the Court has reviewed the underlying briefing, including *Defendant WVDCR's Motion for Protective Order Forbidding Plaintiff's Third Set of Requests for Production of Documents* (Document 42), *Plaintiff's Response to WVDCR's Motion for Protective Order* (Document 46), and the *Defendant WVDCR's Reply to Plaintiff's Response to WVDCR's Motion for Protective Order Forbidding Plaintiff's Third Set of Requests for Production of Documents* (Document 47).[1] For the reasons stated herein, the Court finds that the Defendant's appeal should be denied.

---

1 Inasmuch as a detailed review of the docket reveals the Defendant's optional *Reply* was filed the same day as (indeed, minutes before) the Magistrate Judge's *Order*, the Court acknowledges that the Magistrate Judge did not rely on the same in resolving the Defendant's motion for a protective order, although the parties' arguments were sufficiently set out in their initial briefing.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Defendant's motion for a protective order was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, pursuant to the *Standing Order* (Document 2) entered in this case. Judge Aboulhosn's Order accurately summarizes the parties' arguments and relevant factual and procedural history with respect to the Defendant's motion.

The Plaintiff alleges that, while incarcerated at South Central Regional Jail, he was forcibly removed from a medical line, slapped in the face, and denied an inhaler treatment by a John Doe correctional officer. He claims that the same officer also called him a snitch in front of other inmates, and that shortly thereafter he was attacked by multiple inmates. Following the rulings on motions to dismiss, the Plaintiff has one remaining claim for vicarious liability against the West Virginia Division of Corrections and Rehabilitation for the conduct of the John Doe officer.

During the depositions of four correctional officers, none of whom the Plaintiff could identify as the John Doe officer, the Plaintiff represents that he learned for the first time that the underlying incident had occurred around the same time as a scheduled shift change. On June 4, 2024, he served his Third Set of Requests for Production of Documents on WVDCR seeking employee logs for two days to discern who was working around the time of the incident and to determine whether he could recognize anyone as the John Doe officer. The timing of the discovery requests is at issue here. The Scheduling Order (Document 9) provides that the deadline for completion of discovery requests was April 29, 2024, that all discovery was to be completed by May 20, 2024, and that the last date to complete depositions was June 10, 2024. WVDCR moved for a protective order on the basis that the requests were untimely on June 21, 2024. (Document 42.)

Judge Aboulhosn entered his Order on July 3, 2024. He outlined the parties' arguments concerning the requested discovery. He acknowledged that the Plaintiff was not seeking "voluminous discovery, but a very specific time frame in order to discern who may have witnessed or been involved with the subject incident at bar." (Order at 2.) He noted that the Fourth Circuit "has long recognized that to resolve a civil action on the merits is preferable to disposing of one on a technicality." (*Id.*) Judge Aboulhosn found that holding the Plaintiff to the deadlines in the Scheduling Order under these circumstances would be "akin to form over substance." (*Id.*) He also found the Defendant had not established that permitting the additional discovery would be prejudicial. He reasoned that the Court maintains discretion to control its own deadlines, including those governing discovery, and observed that the Defendant conceded this fact.

WVDCR objects to Judge Aboulhosn's order on three grounds. First, it contends the order failed to analyze WVDCR's motion for a protective order under the relevant good cause standard. Second, WVDCR maintains that good cause exists to enter a protective order based on the untimeliness of the Plaintiff's discovery requests. Third, WVDCR argues that Judge Aboulhosn "place[d] a duty upon WVDCR to respond to untimely discovery requests, which is not permitted by the Federal Rules of Civil Procedure." (Def.'s Objs. at 4.)

## STANDARD OF REVIEW

WVDCR's motion for entry of a protective order was referred to Judge Aboulhosn pursuant to 28 U.S.C. § 636(b)(1)(A), which provides:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the

3

court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

The assignment of non-dispositive discovery matters to a magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Rule 72 stipulates that, when a party objects to a non-dispositive ruling by a magistrate judge, "[t]he district judge in the case must…modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S. D. W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the district court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548, quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S. D. W.Va. January 28, 2014) (Chambers, C.J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S. D. W.Va. Apr. 19, 2013) (Chambers, C.J.).

## DISCUSSION

WVDCR sought a protective order regarding the Plaintiff's Third Set of Requests for Production of Documents on the ground that it was untimely under the Federal Rules of Civil Procedure and the Court's Scheduling Order. Following a certification from the moving party that it has in good faith conferred or attempted to confer with other affected parties to resolve the dispute without court action, "[t]he court *may*, for good cause, issue an order to protect a party or

person from annoyance, embarrassment, *oppression, or undue burden or expense*." Fed. R. Civ. P. 26(c)(1) (emphasis added). On the other hand, the Court "must limit the frequency or extent of discovery otherwise allowed" if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). District courts maintain "wide latitude in controlling discovery" which extends "to the manner in which it orders the course and scope of discovery." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (internal citations omitted). Likewise, they "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

The Court finds no factual or legal error in Judge Aboulhosn's Order denying WVDCR's motion for a protective order. First, although Judge Aboulhosn did not explicitly cite the good cause standard outlined in Rule 26(c)(1), he recognized that the Plaintiff's request was "not seeking voluminous discovery," and was narrowly tailored to two specific days' worth of employee logs which sought to account for a shift change that the Plaintiff was unaware had occurred around the same time as the underlying incident until he learned of the same during depositions. (Order at 2.) In addition, Judge Aboulhosn noted that WVDCR did not identify "any prejudice that would befall it beyond the deadlines set forth in the Scheduling Order," and that WVDCR "conceded this Court possesses discretion to control its own deadlines, including those governing discovery."

(*Id.*)  Judge Aboulhosn's consideration of these factors is consistent with the good cause standard for protective orders, as well as the discovery limitations defined by Rule 26(b)(2)(C).

The Court also finds that Judge Aboulhosn correctly found that the Defendant would not be prejudiced by permitting the additional, albeit untimely, discovery.  The Plaintiff's request was narrowly tailored, and WVDCR argued only that the discovery must be limited because the Plaintiff "had ample opportunity to obtain the information by discovery in the action," pursuant to Rule 26(b)(2)(C).  (*See* Def.'s Mot. Protective Order at 2.)  As Judge Aboulhosn recognized, the Plaintiff represented that he learned for the first time during the depositions of four correctional officers that a shift change had occurred around the same time as the underlying incident with the John Doe correctional officer.  Accordingly, he served his limited discovery request at the first opportunity to do so after learning this new information.  Moreover, Judge Aboulhosn's directive to expedite the production was consistent with the Federal Rules, took into consideration the remaining deadlines in the Court's schedule, and allowed WVDCR sufficient time to respond to the Plaintiff's request.  Rule 34 directs parties to respond to discovery requests "within 30 days after being served" in most cases, but also contemplates that a "shorter or longer time [to respond] may … be ordered by the court."  Fed. R. Civ. P. 34(b)(2)(A).  Indeed, WVDCR did not require the full thirty days as permitted under Rule 34,[2] and ultimately produced the requested discovery, over its own objection, within the five-day period.  Accordingly, the Court finds that Judge Aboulhosn's Order did not erroneously "place a duty upon WVDCR to respond to untimely discovery requests."  (Def.'s Objs. at 4.)  Rather, it was consistent with the "broad discretion"

---

2 And, in any event, the expedited July 8, 2024 deadline set forth in Judge Aboulhosn's Order coincided with the thirty-day deadline to which the Defendant would have ordinarily been held under Rule 34, as the Plaintiff served his requests on June 4, 2024, the Court was closed in observance of Independence Day on July 4 and 5, and July 6 and 7 were weekend days.

afforded to district courts "in [their] resolution of discovery problems that arise in cases pending before [them]." *Carefirst of Maryland, Inc.*, 334 F.3d at 402.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant WVDCR's Objections to Order Denying WVDCR's Motion for a Protective Order* (Document 50) be **DENIED,** and that Judge Aboulhosn's *Order* (Document 48) be **AFFIRMED**. The Court further **ORDERS** that the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion for Stay of Magistrate Judge's Order Pending Disposition of Defendant WVDCR's Objections* (Document 53) be **DENIED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 1, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA