IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT HOLLEY,

           Plaintiff,

v.                                              CIVIL ACTION NO. 2:23-cv-00652

WEST VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion for Summary Judgment* (Document 44) and the *Defendant West Virginia Division of Corrections and Rehabilitation's Memorandum of Law in Support of Motion for Summary Judgment* (Document 45), as well as all attached exhibits. The Plaintiff did not respond to the motion. For the reasons stated herein, the Court finds that the motion should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 20, 2022, the Plaintiff Robert Holley was incarcerated at South Central Regional Jail ("SCRJ") and housed in pod C3.[1] On January 22, 2022, the Plaintiff was present in the pod for the evening med pass. He requested an inhaler puff from medical staff,[2] but after checking his oxygen level the nurse informed him that he did not need an inhaler. (Holley Dep. at

---

1 Mr. Holley alleges he was incarcerated on a misdemeanor charge but placed in a felony pod due to overcrowding.
2 Mr. Holley alleges that he suffers from severe asthma and "medical lung problems." (Am. Compl. at ¶ 16.)

15::1–11) (Document 44-1.) The Plaintiff refused to go back to his cell until he received an inhaler puff, at which time backup was called. (*Id.* at 15:12–24; 21::14–21.) The Plaintiff eventually complied and returned to his cell. Shortly thereafter, he testified that two unidentified officers entered his cell. He did not know either officer's name, but described the first officer as stalky, "Asian or maybe Samoan" with a military haircut and a tattoo on his forearm. (Holley Dep. at 23:22–24:7; 26::1–3.) He described the second officer as white, shorter, skinny, and clean-shaven with dark hair and no visible tattoos. (*See id.* at 23:20–26:14.) The Plaintiff testified that he had seen the second officer when he was in booking (*id.* at 23::2–7), and that the second officer slapped him in his cell. The first officer stopped the encounter from escalating. (*Id.* at 27::11–14.) As they left the Plaintiff's cell, the second officer picked up a bag on the floor and asked the Plaintiff if he was making hooch, and if the hooch belonged to him. The Plaintiff responded that it did not. The officer accused the Plaintiff of "ratting out [his] celly," then exited the cell and told the other inmates, "You-all know what you do with rats." (*Id.* at 27::18–24.) The Plaintiff testified that he did not see the second officer again after their encounter. (Holley Dep. at 36::3–5.) Later that night, the Plaintiff was attacked by at least Defendant Delantay Boozer.[3] He suffered severe injuries to his head and body, including a fractured jaw, multiple nose fractures and a fracture to his eye. He alleges he was left "negligently unsupervised" both during and after his attack (Am. Compl. at ¶ 35), but at some point, he was taken to medical and sent to the hospital for surgery (*id.* at ¶ 37).

---

3 It is unclear how many inmates attacked the Plaintiff, and allegations vary between two inmates and multiple inmates. The Incident Report prepared by Sergeant Mark Shawver indicates that the Plaintiff identified Delantay Boozer as the inmate who "assault him while he was asleep." (Incident Rep. at 1.)

2

Officer Caleb White and Sergeant Jon Perry responded to the incident between the Plaintiff and Mr. Boozer.  (Incident Report at 1) (Document 44-2.)  Both officers were provided the descriptions of the two unidentified officers, but neither could identify them.  (White Dep. at 10:12–11:10) (Document 44-6); (Perry Dep. at 9:12–11:18) (Document 44-7.)  Lieutenant Mark Shawver, the shift commander at the time of the incident between the Plaintiff and Mr. Boozer, likewise could not identify either of the John Doe officers.  (Shawver Dep. at 24:13–25:13) (Document 44-8.)

The Plaintiff asserted the following causes of action in his Amended Complaint: Count I – Negligence; Count II – Violations of the U.S. Constitution and Federal Law; Count III – Intentional Infliction of Emotional Distress; Count IV – Extreme and Outrageous Conduct; Emotional Distress; Count V – Negligent Hiring, Retention and Supervision; Count VI – Cruel and Unusual Punishment – Federal and State; and Count VII – Unconstitutional Policies and Practices.  Counts I, II, III and IV are alleged as to all Defendants; Count V is alleged only as to WVDCR and Superintendent Ronnie Thompson; and Counts VI and VII are alleged only as to WVDCR.  It is unclear which Counts are alleged against Mr. Boozer.  The Plaintiff has not moved to further amend the complaint.

By Memorandum Opinion and Order entered on January 31, 2024, the Court dismissed Defendant Ronnie Thompson. (Document 22.)  The Court also dismissed the direct liability claims against WVDCR but permitted the Plaintiff's vicarious liability claim as to Count I to proceed against WVDCR based on the alleged negligent conduct of the John Doe officers.

Discovery in this matter was to be completed by May 20, 2024, and the last date to complete depositions was June 10, 2024.  During the depositions of four correctional officers, none

3

of whom the Plaintiff could identify as either John Doe officer, the Plaintiff learned for the first time that the incident with the John Does occurred around the time of a shift change. Therefore, the Plaintiff was granted leave to request additional discovery from WVDCR in the form of employee logs for the dates surrounding the incident in his cell. WVDCR filed the instant motion for summary judgment on June 24, 2024. The Court granted the Plaintiff two extensions to respond to the motion as he worked to identify the John Doe officers from the employee logs. (Documents 52, 58.) The Plaintiff's deadline to respond was August 7, 2024. He failed to respond to the motion or otherwise move for a further extension of time.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*,

477 U.S. at 322–23.  When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.  *Hoschar*, 739 F.3d at 169.  However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor."  *Anderson*, 477 U.S. at 256.  "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action."  *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility.  *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986)).  If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250.  If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

WVDCR argues that summary judgment is appropriate for two reasons.  First, it contends that the Plaintiff's claims against the John Doe correctional officer and Delantay Boozer must be dismissed because the Plaintiff "has failed to establish the identity of the alleged 'unknown

5

correctional officer'" and has failed to timely serve either the John Doe officer or Defendant Delantay Boozer. (Mot. Summ. J. at 1.) As a result, WVDCR asserts that the Plaintiff's vicarious liability claims against it necessarily fail because such claims are premised on the alleged negligence of the unidentified John Doe officer. (*See id.*) Second, should the Court permit the Plaintiff's claim against the John Doe officer to proceed, WVDCR argues that it is entitled to qualified immunity because the officer's alleged conduct falls outside the scope of his employment.

      A.     *Claims as to John Doe Corrections Officers*

The Plaintiff names as John Doe defendants two unidentified corrections officers who were present during the incident in the Plaintiff's cell and whose acts or omissions allegedly resulted in the Plaintiff's assault by other inmates. However, after ample time for discovery and amendment, the Doe Defendants have yet to be identified and served with process.

"The idea of an unnamed defendant is contrary to the Federal Rules of Civil Procedure." *Price v. Marsh*, No. 2:12-cv-05442, 2013 WL 5409811, at *3 (S.D.W. Va. Sept. 25, 2013) (Goodwin, J.). "Moreover, the Fourth Circuit has emphasized that the designation of John Doe defendants is disfavored." *T.W. v. W. Virginia Div. of Corr. & Rehab.*, No. 2:22-CV-00348, 2024 WL 251940, at *3 (S.D.W. Va. Jan. 23, 2024) (Goodwin, J.) (citing *Chidi Njoku v. Unknown Special Unit Staff*, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. July 7, 2000) (unpublished per curiam table decision). The Fourth Circuit has deemed the practice "appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Chidi Njoku*, 217 F.3d at *1 (citations omitted). However, the Fourth Circuit has also recognized the "right of the district court

6

to manage its docket and the danger of permitting suits with unnamed parties to remain on the docket unprosecuted." *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982). "Thus, if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." *Id.* (internal footnote omitted); *see also Attkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019), *as amended* (June 10, 2019); *Chidi Njoku*, 2000 WL 903896 at *1 ("[T]here is no basis to permit a judgment against an unidentified John Doe defendant to be sustained").

In addition, pursuant to *Federal Rule of Civil Procedure* 4(m), a defendant must be served within 90 days of the complaint being filed. Here, the Plaintiff's Amended Complaint was filed on January 31, 2024. (Document 23.) The Plaintiff never moved to extend the Rule 4(m) period, which expired on April 30, 2024. The Plaintiff was also granted additional discovery and two filing extensions to attempt to identify the John Doe officers. Nevertheless, he has failed to identify them, or seek further extension of these deadlines. Accordingly, the Court finds that the Plaintiff has had ample time to discover, disclose the identity of, and serve the John Doe officers. Inasmuch as he has failed to do so, and judgment cannot be entered against an unnamed defendant, the claims against the John Doe officers should be dismissed without prejudice.

  B. *Vicarious Liability of WVDCR*

Count I of the Amended Complaint alleges that WVDCR should be held vicariously liable for the alleged conduct of the John Doe officers. "'Vicarious liability' and joint venture are not independent claims for relief. Nonetheless, West Virginia courts recognize that these theories may be asserted as independent claims as long as they are based on other underlying claims." *Young v. Apogee Coal Co. LLC*, No. 2:12-cv-01324, 2014 WL 1900791, at *2 (S.D. W. Va. May 13,

2014) (Goodwin, J.); *see also Wale v. Hayhurst*, No. 2:20-cv-00713, 2020 WL 7775430, at *3 (S.D. W. Va. Dec. 30, 2020). The Plaintiff's vicarious liability claims against WVDCR are based on the underlying claims against the unidentified John Doe officers. The John Doe officers will be dismissed without prejudice. Inasmuch as the Plaintiff's vicarious liability claims against WVDCR cannot stand alone, the Court finds that they must also be dismissed without prejudice. Having found dismissal appropriate on these grounds, the Court does not reach the question of whether WVDCR is entitled to qualified immunity.

    C.    *Failure to Serve Delantay Boozer*

As discussed herein, the Court must dismiss an action without prejudice or order service be made on a defendant within a specific time "[i]f a defendant is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The Court may do so "on motion or on its own after notice to the plaintiff." *Id.* The Court must extend the time for service "for an appropriate period" if the plaintiff can show good cause for the failure. *Id.*

The Amended Complaint alleges that Delantay Boozer attacked the Plaintiff while he was incarcerated at SCRJ. The Court ordered that the Plaintiff's Amended Complaint be filed on January 31, 2024. (*See* Documents 22, 23.) Accordingly, the deadline to serve Mr. Boozer expired on April 30, 2024. A review of the docket indicates that the Plaintiff has neither served nor moved to extend the time to serve Mr. Boozer. To the extent that WVDCR contends Mr. Boozer must be dismissed, however, the Court notes that WVDCR cannot move for relief on his behalf, nor has Mr. Boozer independently sought dismissal. Thus, the Court finds that the Plaintiff should be permitted to show cause why the claims against Mr. Boozer should not be dismissed for failure to serve pursuant to Rule 4(m).

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion for Summary Judgment* (Document 44) be **GRANTED** to the extent that the Plaintiff's claims against the John Doe officers and WVDCR are **DISMISSED WITHOUT PREJUDICE**. Inasmuch as the *Plaintiff's Motion for Time Extension of Deposition Deadline* (Document 41) turns on his ability to identify the John Doe officers, the Court **ORDERS** that the motion be **TERMINATED AS MOOT**.

The Court further **ORDERS** the Plaintiff to **SHOW CAUSE within seven (7) days** of entry of this Order why this action should not also be dismissed without prejudice as to Defendant Delantay Boozer for failure to serve pursuant to Rule 4(m).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 26, 2024

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA